REAVLEY, Circuit Judge.
 

 The question in this bankruptcy appeal is whether, under 11 U.S.C. § 522, a Chapter 7 debtor may assert a homestead exemption for his residence acquired after a debt and attachment of a lien, despite the Massachusetts statute excepting the preexisting lien and debt from homestead protection. The bankruptcy and district courts allowed the homestead protection because Bankruptcy Code § 522 preempted the state exceptions. We affirm.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 The dispute centers on a debt and judicial lien, currently held by Patriot Portfolio, LLC (“Patriot”), and recorded against Harry W. Weinstein’s residence in Massachusetts. The judgment lien was recorded on August 4, 1992, at which time Weinstein had owned the property for more than two decades. On April 2,1996, Weinstein acquired an estate of homestead under Massachusetts law by recording a Declaration of Homestead pursuant to the Massachusetts Homestead Act, Mass. Gen. Laws eh. 188.
 

 On August 26, 1996, Weinstein filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. In his petition, Weinstein claimed a $55,000 homestead exemption in his residence under the Massachusetts homestead statute. Patriot filed an objection, arguing that because both its lien and the underlying debt from which it derived predated Weinstein’s acquisition of the estate of homestead, according to section 1(2) of the homestead statute, the exemption does not apply. The bankruptcy court and district court allowed Weinstein to avoid Patriot’s assertion, concluding that the Massachusetts provisions excepting prior contracted debts and preexisting liens from homestead protection were preempted by § 522 of the Code. Because the state exceptions did not apply in bankruptcy, the court avoided Patriot’s lien under § 522(f) because, absent the lien, Weinstein would have been entitled to the Massachusetts homestead exemption. The district court affirmed.
 

 II. ANALYSIS
 

 A. Lien Avoidance Under § 522(f)
 

 Bankruptcy Code § 522 allows a debtor to exempt certain property from the bankruptcy estate that the trustee distributes to creditors.
 
 See
 
 11 U.S.C. § 522. If the state has not opted out of the federal exemption scheme, § 522(b) allows the debtor to choose between the federal bankruptcy exemptions listed in § 522(d), other nonbankruptey federal law, and exemptions under state or local law.
 
 [1]
 

 Once the debtor has claimed property as exempt, § 522(c) provides that such exempt property is not liable for any pre-petition debt except the specific types enumerated in § 522(c)(l)-(3). These types of debt include debts for certain taxes and customs duties; debt for alimony, maintenance, or support; liens that cannot be avoided; liens that are not void; tax liens; and certain nondis-chargeable debts owed to federal depository institutions.
 
 [2]
 

 See
 
 11 U.S.C. § 522(c). As
 
 *680
 
 suming for the moment that Patriot’s lien can be avoided, none of the above types of debt apply to the facts of this case.
 

 Weinstein chose the state exemption scheme and claimed a $55,000 homestead exemption under the Massachusetts Homestead Act, which provides:
 

 An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home ... who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies
 
 except in the following cases:
 

 (1) sale for taxes;
 

 (2)
 
 for a debt contracted prior to the acquisition of said estate of homestead;
 
 ....
 

 Mass. Gen. Laws ch. 188, § 1 (emphasis added). Additionally, section 5 of the homestead statute withholds homestead protection from any preexisting lien. Specifically, the statute states: “No estate of homestead shall affect a mortgage, lien or other encumbrance previously existing.”
 
 Id.
 
 § 5.
 

 Bankruptcy Code § 522(f) governs lien avoidance. This provision allows avoidance of a judicial lien to the extent the lien impairs an exemption to which the debtor would otherwise be entitled. Section 522(f) provides:
 

 Notwithstanding any waiver of exemptions ... the debtor may
 
 avoid the fixing of a lien on an interest of the debtor in property
 
 to the extent that such lien impairs an exemption to which the debtor
 
 would have been entitled
 
 under subsection (b) of this section if such lien is—
 

 (A) a judicial lien....
 

 11 U.S.C. § 522(f)(1) (emphasis added). The United States Supreme Court interpreted the requirements of § 522(f) in two 1991 decisions. In
 
 Farrey v. Sanderfoot,
 
 the Court held that in order to “avoid the fixing of a lien on an interest of the debtor in property” under § 522(f), the debtor must have “possessed the interest to which the lien fixed, before it fixed.” 500 U.S. 291, 299, 111 S.Ct. 1825, 1830, 114 L.Ed.2d 337 (1991). In
 
 Owen v. Owen,
 
 the Court held that to determine whether a lien “impairs an exemption to which the debtor would have been entitled” under § 522(f), the proper question to ask is not whether the lien impairs an exemption to which the debtor
 
 is in fact entitled,
 
 but rather whether the lien impairs a state or federal exemption to which the debtor
 
 would have been entitled but for the lien itself See
 
 500 U.S. 305, 310-13, 111 S.Ct. 1833, 1836-38, 114 L.Ed.2d 350 (1991). In short, two requirements must be met before a debtor can avoid a lien under § 522(f): (1) the debtor must have had an ownership interest in the property before the lien attached; and (2) avoidance of the lien must entitle the debtor to a state or federal exemption.
 

 We begin our analysis with the Supreme Court’s decision in
 
 Owen
 
 and assume for the moment that the prior contracted debt exception is preempted by the Bankruptcy Code. In
 
 Owen,
 
 the Supreme Court considered whether a Chapter 7 debtor can avoid a judicial lien encumbering exempt property, even though the State has defined the exempt property to specifically exclude property encumbered by preexisting liens,
 
 i.e.,
 
 liens that attached before the property acquired its homestead status.
 
 See
 
 500 U.S. at 306-07, 111 S.Ct. at 1834-35. At the same time the debtor purchased a condominium in Sarasota County, Florida, a judgment lien previously recorded by the debtor’s former wife immediately attached to the property.
 
 See id.
 
 The debtor did not qualify for the homestead exemption until a year after he purchased the property, when Florida broadened its homestead exemption.
 
 See id.
 
 at 307, 111 S.Ct. at 1835. When the debtor later filed for bankruptcy under Chapter 7, he claimed a homestead exemption in the condominium. Following discharge, the bankruptcy court denied the debtor’s motion to avoid the lien under § 522(f). The district court and the Eleventh Circuit both affirmed.
 
 See id.
 
 at 307-08, 111 S.Ct. at 1835.
 

 
 *681
 
 The Supreme Court, however, rejected the interpretation of § 522(f) urged by the creditor and employed by the courts below — that the state exemption statute’s built-in limitations are fully operative in bankruptcy. Under the creditor’s view, the lien obviously did not impair the debtor’s homestead exemption since under Florida law, the exemption does not apply to preexisting hens.
 
 See id.
 
 at 309, 111 S.Ct. at 1836. Noting that bankruptcy courts had uniformly rejected this approach with respect to federal exemptions, the Supreme Court saw no justification for treating federal and state exemptions differently.
 
 See id.
 
 at 310-13, 111 S.Ct. at 1836-38. Tracking the language of the Code, the Supreme Court held that when applying § 522(f) to either federal or state exemptions, the question is “not whether the lien impairs an exemption to which the debtor
 
 is in fact
 
 entitled>' but whether it impairs an exemption to which [the debtor]
 
 would have been entitled
 
 but for the lien itself.”
 
 Id.
 
 at 310-11, 111 S.Ct. at 1836-37. In other words, if “avoiding the lien would entitle the debtor to an exemption ... then avoid and recover the lien.”
 
 Id.
 
 at 312-13, 111 S.Ct. at 1837. In reaching this conclusion, the
 
 Owen
 
 Court expressly rejected the notion that because the Code’s “opt-out” policy allows States to define their own exemptions, those exemptions must be applied with all their built-in limitations.
 
 See id.
 
 at 313, 111 S.Ct. at 1838 (“We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains.”). The Court ultimately concluded that Florida’s exception for preexisting hens did not preclude avoidance of the hen in bankruptcy under § 522(f):
 

 On the basis of the analysis we have set forth above with respect to federal exemptions, and in hght of the equivalency of treatment accorded to federal and state exemptions by § 522(f), we conclude that Florida’s exclusion of certain hens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code’s hen avoidance provision.
 

 Id.
 
 at 313-14, 111 S.Ct. at 1838. The Supreme Court then remanded the case to the Eleventh Circuit to determine if the requirements of
 
 Farrey
 
 had been met,
 
 ie.,
 
 whether the debtor acquired the property interest before the hen attached.
 
 [3]
 

 Owen
 
 governs the disposition of this issue. As in
 
 Owen,
 
 Patriot’s hen predated Weinstein’s acquisition of the estate of homestead. Both Florida and Massachusetts law except preexisting hens from homestead protection. Following the clear command of
 
 Owen,
 
 the Massachusetts exception for preexisting hens is inoperative in bankruptcy and must yield to the Code’s hen avoidance provision.
 
 See id.
 
 Thus, we hold that Bankruptcy Code § 522(f) preempts Mass. Gen. Laws ch. 188, § 5.
 

 We are unimpressed by Patriot’s attempt to distinguish this case from
 
 Owen.
 
 Patriot asserts that the Massachusetts homestead exemption is unique because, contrary to the homestead exemption provided under Florida law, other state statutes, and federal law, in Massachusetts the underlying real estate is not exempt. Rather, the Massachusetts statute creates a separate asset — the “estate of homestead” — that is distinct from the debt- or’s interest in the underlying real property. Relying on this premise, Patriot argues that Massachusetts law must be applied in its entirety to determine the nature and value of the estate of homestead. We view this characteristic as a distinction without a difference, which does not warrant different treatment under the Code. Moreover, we note that the 19th century eases Patriot relies on for support neither address nor control bankruptcy issues.
 
 See, e.g., Pratt v. Pratt,
 
 161 Mass. 276, 37 N.E. 435 (1894);
 
 Weller v. Weller,
 
 131 Mass. 446, 447 (1881).
 

 B. Preemption of the Prior Contracted Debt Exception
 

 We now turn to the question of whether , the Bankruptcy Code preempts
 
 *682
 
 the Massachusetts prior contracted debt exception, Mass. Gen. Laws ch. 188, § 1(2). Unless this exception is also preempted, Weinstein could not claim the homestead exemption since he contracted for the underlying debt before he acquired the homestead estate.
 

 We begin by comparing § 522(c) with Mass. Gen. Laws ch. 188, § 1(2), to determine if there is a conflict. Section 522(e) provides that during or after bankruptcy, exempt property is not hable for any prepetition debts except those debts specified in subparagraphs (l)-(3).
 
 See
 
 11 U.S.C. § 522(c)(l)-(3). This list includes: (1) debts for certain taxes and customs duties; (2) debts for alimony, maintenance, or support; (3)liens that cannot be avoided; (4) liens that are not void; (5) tax Hens; and (6) certain nondischargeable debts owed to federal depository institutions.
 
 See id.
 
 The exceptions in the Massachusetts homestead statute serve a similar function by withholding homestead protection under state law from certain types of debt. Section 1 provides in relevant part:
 

 Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
 

 (1) sale for taxes;
 

 (2) for a debt contracted prior to the acquisition of said estate of homestead;
 

 (3) for a debt contracted for the purchase of said home;
 

 (4) upon an execution issued from the probate court to enforce its judgment that a spouse pay a certain amount weekly or otherwise for the support of a spouse or minor children;
 

 (5) where buildings on land not owned by the owner of a homestead estate are attached, levied upon or sold for the ground rent of the lot whereon they stand;
 

 (6)upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.
 

 Mass. Gen. Laws ch. 188, § l(l)-(6). The heart of Patriot’s argument is that there is no conflict between section 522(c) and the Massachusetts homestead statute.
 
 [4]
 
 Patriot asserts that the “property exempted” for purposes of section 522(c) must be defined by Massachusetts law, including all of its built-in limitations. Under this view, the exceptions to the homestead statute operate to define the value of the estate, which is the “property exempted,” and therefore there is no conflict between § 522(c) and section 1(2). Weinstein, on the other hand, urges us to adopt the view espoused by the First Circuit Bankruptcy Appellate Panel and a majority of the Massachusetts bankruptcy judges— that § 522(e) conflicts with and preempts the prior contracted debt exception.
 
 See In re Fracasso,
 
 222 B.R. 400 (1st Cir.BAP 1998);
 
 In re Leicht,
 
 222 B.R. 670 (1st Cir.BAP 1998);
 
 In re Mills,
 
 211 B.R. 1 (Bankr.D.Mass.1997) (Kenner, J.);
 
 In re Whalen-Griffin,
 
 206 B.R. 277 (Bankr.D.Mass.1997) (Feeney, J.);
 
 In re Boucher,
 
 203 B.R. 10 (Bankr.D.Mass.1996) (Queenan, Jr., J.). According to this view, exempt property in a bankruptcy ease remains liable only for the specific types of debt listed in § 522(e)(l)-(3). Because the Massachusetts prior contracted debt exception is not one of the types of debt specified in § 522(c), it is invalid in bankruptcy. We are persuaded by Weinstein’s argument.
 

 Congress has plenary power to enact uniform federal bankruptcy laws.
 
 See
 
 U.S. Const, art. 1, § 8, cl. 4;
 
 International Shoe Co. v. Pinkus,
 
 278 U.S. 261, 265, 49 S.Ct. 108, 110, 73 L.Ed. 318 (1929). Consequently, “[s]tates may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or
 
 *683
 
 auxiliary regulations.”
 
 International Shoe Co.,
 
 278 U.S. at 265, 49 S.Ct. at 110 (noting that the intent of Congress in establishing uniform bankruptcy laws necessarily excludes inconsistent state regulation). We recognize that Congress afforded significant deference to state law by allowing bankruptcy debtors to choose state exemptions and by further allowing states to opt out of the federal exemption scheme entirely.
 
 See In re Boucher,
 
 203 B.R. at 12 (citing 11 U.S.C. § 522(b)). Yet, such deference does not warrant the conclusion that the “property exempted” in section 522(c) must be defined by first applying all the built-in exceptions to the state exemption statute. As the Supreme Court recognized in discussing the interplay between § 522(f) and state exemption exceptions in
 
 Owen,
 
 the state’s ability to define its exemptions is not absolute and must yield to conflicting policies in the Bankruptcy Code.
 
 See Owen,
 
 500 U.S. at 313, 111 S.Ct. at 1838. Although Massachusetts has not opted out of the federal exemption scheme, as was the case in
 
 Owen,
 
 the analysis applies equally where the debtor chooses the state exemption scheme.
 

 Like the bankruptcy court and the district court below, we are persuaded by Judge Feeney’s analysis of the conflict in
 
 In re Whalen-Griffin.
 
 As Judge Feeney recognized, the Massachusetts exceptions overlap and conflict with § 522(c).
 
 See
 
 206 B.R. at 290. While both statutes limit the debts for which exempt property remains liable, the Massachusetts exceptions protect debts left unprotected by § 522(c). We agree with Judge Feeney’s conclusion that:
 

 Because the exceptions to the Massachusetts homestead have the same effect on the homestead as the exceptions set forth in § 522(e), ... the Massachusetts homestead statute is preempted to the extent that it permits exempt property to be liable for debts other than those expressly enumerated in § 522(c)(l)-(3), particularly because the language employed by Congress in § 522(c) is devoid of ambiguity.
 

 206 B.R. at 291-92. On this basis, we conclude that section 1(2) of the homestead statute is preempted by § 522(c) of the Code.
 
 See Rini v. United Van Lines, Inc.,
 
 104 F.3d 502, 504 (1st Cir.1997) (“[A] state statute is void to the extent it is in conflict with a federal statute.” (citing
 
 Maryland v. Louisiana,
 
 451 U.S. 725, 747, 101 S.Ct. 2114, 2129, 68 L.Ed.2d 576 (1981))),
 
 cert. denied,
 
 — U.S. -, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997). Our conclusion is consistent with numerous decisions in other jurisdictions holding that a state’s exceptions to its homestead exemption are preempted by the Bankruptcy Code.
 
 See, e.g., In re Maddox,
 
 15 F.3d 1347, 1351 (5th Cir.1994) (holding that lien avoidance under § 522(f) is not limited by state exceptions);
 
 In re Opperman,
 
 943 F.2d 441, 443 (4th Cir.1991) (holding that limitation in North Carolina homestead statute was invalid to the extent it conflicted with operation of § 522(f));
 
 In re Scott,
 
 199 B.R. 586, 591-93 (Bankr.E.D.Va.1996) (holding that intentional tort exclusion in Virginia exemption statute conflicts with and is preempted by § 522(c));
 
 In re Conyers,
 
 129 B.R. 470, 472 (Bankr.E.D.Ky.1991) (concluding that “the determination of the types of debts that remain collectible after bankruptcy from exempt property is controlled by federal rather than state law”).
 

 In so holding, we again reject Patriot’s insistence that the courts below and the cited Massachusetts bankruptcy courts have all misconstrued the unique character of the Massachusetts homestead exemption. We do not view the Massachusetts statute’s creation of an “estate of homestead” to be so markedly different from the homestead exemptions available under federal or other state’s laws that it need not yield to the overriding policies of § 522(c).
 
 See In re Leicht,
 
 222 B.R. at 680 (“[W]e decline [the creditor’s] invitation to recognize the Massachusetts homestead as so different in character from other exemptions that § 522(c)’s fresh start mechanism cannot operate to enlarge its protections.”).
 

 C. Application of § 522(f)
 

 The judgment here meets the requirements of
 
 Farrey
 
 and
 
 Owen
 
 because Patriot’s lien “fixed” upon Weinstein’s interest in the property, and the lien impaired an exemption to which Weinstein was entitled.
 

 
 *684
 
 Section 522(f) allows a debtor to “avoid the fixing of a lien on an interest of the debtor in property.” In
 
 Farrey,
 
 the Supreme Court construed this phrase to mean that the debt- or must have “possessed the interest to which the lien fixed, before it fixed.” 500 U.S. at 299, 111 S.Ct. at 1830. Patriot insists that because its lien never “fixed” upon any exempt property, it cannot be avoided under § 522(f). Patriot essentially argues that the relevant “interest of the debtor in property” that must exist before the lien attaches is the estate of homestead. We disagree. Not only does the language of § 522(f) not refer to an “exempt interest,” the Supreme Court’s analysis in
 
 Owen
 
 also substantially undercuts this position. In
 
 Owen,
 
 the Supreme Court remanded the case to the Eleventh Circuit to consider whether the lien ever fixed upon the debtor’s interest in the property itself since the debtor may have acquired the property at the same time the lien attached.
 
 See
 
 500 U.S. at 314, 111 S.Ct. at 1838. On remand, the Eleventh Circuit held that there was no “fixing of a lien on an interest of the debtor” because under the Florida after-acquired property statute, the lien attached at the same moment the debtor acquired the property.
 
 See In re Owen,
 
 961 F.2d 170, 172 (11th Cir.1992). Therefore, the debtor could not avoid the lien under § 522(f).
 
 See id.
 
 at 173. Both the Supreme Court’s and the Eleventh Circuit’s analysis turned on whether the debtor had acquired an
 
 ownership interest
 
 in the property before the lien attached, and not whether the debtor had acquired the homestead exemption before the lien attached. If, as Patriot argues, § 522(f) requires the debtor to have an interest in the exemption before the lien attached, the Court in
 
 Owen
 
 need not have remanded the case sinee the facts clearly showed that the debtor did not have an exempt interest in the property before the lien attached. We cannot reconcile Patriot’s interpretation with that of
 
 Owen.
 
 We also note that Patriot’s argument has been expressly rejected by several courts in other jurisdictions.
 
 See, e.g., In re Maddox,
 
 15 F.3d 1347, 1351-52 (5th Cir.1994) (“Nothing in the statute specifies the need for attachment to an exemptible interest of the debtor in the property; at a minimum, the Debtor’s ownership interest in the property at issue here suffices.”);
 
 In re Hastings,
 
 185 B.R. 811, 815 (9th Cir.BAP 1995);
 
 In re Johnson,
 
 184 B.R. 141, 146 (Bankr.D.Wyo.1995).
 

 There is no dispute that Weinstein owned the residence several years before Patriot’s lien attached to the property. Consequently, Weinstein “possessed the interest to which the lien fixed, before it fixed.”
 
 Farrey,
 
 500 U.S. at 299, 111 S.Ct. at 1830. Applying the clear command of
 
 Owen,
 
 but for Patriot’s lien, Weinstein would be entitled to the $55,-000 homestead exemption claimed in his petition.
 
 See Owen,
 
 500 U.S. at 310-13, 111 S.Ct. at 1836-38. The state’s prior contracted debt exception no longer enters into the mix. On these facts, we conclude that the bankruptcy court properly avoided Patriot’s lien under § 522(f).
 

 D. Fifth Amendment Takings Claim
 

 Patriot claims avoidance of its lien under § 522(f) violates the Fifth Amendment Takings Clause. Even if Patriot did not seasonably raise the argument below,
 
 [5]
 
 we nevertheless believe it is appropriate to ad
 
 *685
 
 dress the merits of Patriot’s constitutional challenge.
 

 In this circuit, the general rule is that issues raised for the first time on appeal are waived.
 
 See In re Rauh,
 
 119 F.3d 46, 51 (1st Cir.1997). However, appellate courts have discretion to address issues not seasonably raised below, depending upon the individual facts of the case.
 
 See Singleton v. Wulff,
 
 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Exercise of our discretion is appropriate where, as here: the new issue is purely a question of law; addressing the merits would promote judicial economy as the same issue will likely be raised in other cases; and the claim raises an issue of constitutional magnitude, which if meritorious, could substantially affect the rights of creditors and debtors in this and future bankruptcy proceedings.
 
 See, e.g., In re 604, Columbus Ave. Realty Trust,
 
 968 F.2d 1332, 1343-44 (1st Cir.1992);
 
 United States v. La Guardia,
 
 902 F.2d 1010, 1013 (1st Cir.1990);
 
 cf. Petitioning Creditors of Melon Produce, Inc. v. Braunstein,
 
 112 F.3d 1232, 1236-37 (1st Cir.1997).
 

 Although Congress has broad constitutional authority to enact bankruptcy laws,
 
 see
 
 U.S. Const, art. I, § 8, “[t]he bankruptcy power is subject to the Fifth Amendment’s prohibition against taking private property without compensation.”
 
 United States v. Security Indus. Bank,
 
 459 U.S. 70, 75, 103 S.Ct. 407, 410, 74 L.Ed.2d 235 (1982). The debtor does not dispute that Patriot’s judicial lien constitutes “property” within the meaning of the Fifth Amendment Takings Clause.
 
 See
 
 Brief for the Appellee, at 22;
 
 see also Security Indus. Bank,
 
 459 U.S. at 75-78, 103 S.Ct. at 410-12;
 
 Armstrong v. United States,
 
 364 U.S. 40, 44-46, 80 S.Ct. 1563, 1566-67, 4 L.Ed.2d 1554 (1960). Nor is there any dispute that § 522(f) applies prospectively in this case, as Patriot’s lien was recorded against the residence in 1992, more than a decade after section 522(f) became effective on October 1, 1979.
 
 See
 
 Bankruptcy Reform Act, Pub.L. No. 95-598, § 402, 92 Stat. 2589 (1978).
 

 The Supreme Court has not specifically addressed the constitutionality of prospective application of § 522(f). In
 
 United States v. Security Industrial Bank,
 
 the Court discussed the constitutionality of retroactive application of § 522(f) to liens created before its enactment, but ultimately declined to reach the issue.
 
 See
 
 459 U.S. at 74-82, 103 S.Ct. at 410-14. Concluding that “there is substantial doubt whether the retroactive destruction of the appellees’ liens in this case comports with the Fifth Amendment,”
 
 id.
 
 at 78, 103 S.Ct. at 412, the Court construed the statute to have only prospective and not retrospective effect.
 
 Id.
 
 at 78-82, 103 S.Ct. at 412-14. Some courts have concluded that
 
 Security Industrial Bank
 
 strongly suggests if not implicitly holds that prospective application of § 522(f) would not impermissibly tread on-the Takings Clause.
 
 See, e.g., In re Thompson,
 
 867 F.2d 416, 422 (7th Cir.1989);
 
 In re Leicht,
 
 222 B.R. 670, 682-83 (1st Cir. BAP 1998). While we agree that the Supreme Court’s analysis in
 
 Security Industrial Bank
 
 supports our holding, we acknowledge that it is not dispositive.
 

 Penn Central Transportation v. City of New York,
 
 438 U.S. 104, 124, 98 S.Ct. 2646, 2659, 57 L.Ed.2d 631 (1978), sets forth the analytical framework for resolving Patriot’s takings challenge. See
 
 Security Indus. Bank,
 
 459 U.S. at 75, 103 S.Ct. at 411 (stating that lien avoidance under § 522(f) “fits but awkwardly into the analytic framework employed in Penn Central Transp. Co.”). Courts addressing regulatory taking ■ claims consider three factors: (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation interferes with the claimant’s reasonable investment-backed expectations; and (3) the character of the governmental action.
 
 See Penn Cent. Transp. Co.,
 
 438 U.S. at 124, 98 S.Ct. at 2659.
 

 Regarding the first factor, Patriot complains that avoidance of its lien completely destroyed its property interest in the debt- or’s residence. As to the second factor, Patriot further insists that lien avoidance was not within its reasonable investment-backed expectations,
 
 i.e.,
 
 “that the lien will continue to exist until such time as the underlying debt is satisfied or the debtor’s interest in the property subject to the lien is extinguished.”
 

 
 *686
 
 In this Circuit, the Bankruptcy Appellate Panel (“BAP”) recently rejected an identical takings challenge in
 
 In re Leicht,
 
 222 B.R. 670 (1st Cir.BAP 1998). Although the BAP’s decision is not binding on this Court, we find it convincing. There, the BAP rejected the argument that avoidance of the creditor’s judicial lien “completely destroyed the property interest that [the creditor] had in the Residence.”
 
 Id.
 
 at 684. The BAP held that no property interest was taken from the creditor because its property rights in the judicial lien were circumscribed by the federal lien avoidance provision in effect when those rights were created.
 
 See id.
 
 at 683. Although the lien was a protected interest under the Fifth Amendment, at its inception, the lien was subject to and limited by the debtor’s power to avoid the lien under § 622(f).
 
 See id.
 
 Because § 522(f) was in effect when the creditor’s lien arose, no taking occurred when the lien was later avoided under that provision.
 
 See id.
 
 at 684;
 
 see also In re Thompson, 867
 
 F.2d at 422 (“[L]ien avoidance is not a taking when it is authorized
 
 before
 
 the creditor makes the secured loan in question_”);
 
 In re Snellings,
 
 10 B.R. 949, 956 (Bankr.W.D.Va.1981) (“[T]hose liens created after the enactment of the Bankruptcy Reform Act of 1978 ... are implicitly subject to the debtor’s power to avoid liens on exempt property under section 522(f).”).
 

 Applying the sound reasoning of
 
 In re Leicht,
 
 we reject Patriot’s argument that avoidance of its judicial lien completely destroyed its property interest. Patriot’s judicial lien was perfected in 1992, thirteen years after § 522(f) became effective in 1979. Because Patriot’s property rights in the lien are circumscribed by the debtor’s ability under the Code to avoid the lien, prospective application of § 522(f) does not constitute a “taking” of Patriot’s property interest within the meaning of the Fifth Amendment Takings Clause. As no taking occurred, we need not discuss the other
 
 Penn Central
 
 factors.
 

 E. Sua Sponte Reconsideration and Reversal
 

 Finally, Patriot complains that the bankruptcy court abused its discretion by reopening the case on its own motion, reversing its original decision, and avoiding Patriot’s lien without notice or further hearing.
 
 [6]
 
 We review the bankruptcy court’s discretionary decision to reopen the ease and reconsider its prior decision for an abuse of discretion.
 
 See In re Gonic Realty Trust,
 
 909 F.2d 624, 626 (1st Cir.1990). Patriot acknowledges that the bankruptcy court had broad discretion under Bankruptcy Code §§ 105(a) and 350(b) to reopen the case on its own motion to avoid its lien.
 
 [7]
 
 Nevertheless, Patriot complains that the bankruptcy court’s
 
 sua sponte
 
 decision to avoid its lien without notice or further hearing violated its procedural due process rights since it had no formal opportunity to address the lien avoidance issue. We disagree. First, Patriot had already presented its principal arguments to the bankruptcy court prior to the court’s first decision. Second, despite the procedural posture in which the issue was raised, at a minimum, Patriot could have raised its constitutional argument at the December 10th hearing, if not in a motion for reconsideration. Moreover, because we have fully considered the merits of Patriots constitutional
 
 *687
 
 claim, any resulting prejudice from Patriot’s alleged inability to raise this argument below has been cured. Consequently, because Patriot has suffered no prejudice, we agree with the district court’s conclusion that the bankruptcy court did not abuse its discretion.
 

 III. CONCLUSION
 

 For the reasons stated above, we hold that Bankruptcy Code §§ 522(f) and 522(c) preempt the Massachusetts provisions excepting preexisting liens and prior contracted debts from homestead protection. The bankruptcy court properly avoided Patriot’s lien under § 522(f).
 

 Affirmed.
 

 [1]
 

 . If a state has "opted out” of the federal bankruptcy exemption scheme, which is not the case in Massachusetts, the debtor is limited to exemptions provided under state or local law, or other nonbankruptcy federal law.
 
 See
 
 11 U.S.C. § 522(b)(1); 7
 
 Collier on Bankruptcy
 
 1, 301 (Lawrence P. King ed., 15th ed.1996).
 

 [2]
 

 . Section 522(c) provides:
 

 Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—
 

 (1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;
 

 (2) a debt secured by a lien that is—
 

 (A)(i) not avoided under subsection (£) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and (ii) not void under section 506(d) of this title; or
 

 (B) a tax lien, notice of which is properly filed; or
 

 (3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title, owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its
 
 *680
 
 capacity as conservator, receiver, or liquidating agent for such institution. 11 U.S.C. § 522(c).
 

 [3]
 

 . On remand, the Eleventh Circuit concluded that the attachment of the lien and the debtor's acquisition of the property occurred simultaneously. Thus, because the debtor did not acquire the property interest
 
 before
 
 the lien fixed, the Eleventh Circuit held that "there was never a fixing of a lien on an interest of the debtor,” and therefore the debtor could not avoid the lien under § 522(f).
 
 See In re Owen,
 
 961 F.2d 170, 172 (11th Cir.1992) (emphasis omitted).
 

 [4]
 

 . We note that Patriot actually argued that there is no conflict between § 522(c) and section 5 of the homestead statute. However, this argument is misplaced because the bankruptcy court did not engage in a conflict analysis between § 522(c) and section 5. Rather, the court held that § 522(c) preempted the section 1(2) prior contracted debt exception,
 
 see In re Weinstein,
 
 No. 96-1643 1-WCH (Bankr.D.Mass. Mar. 25, 1997), and that § 522(f) preempted section 5.
 
 See Patriot Portfolio v. Weinstein,
 
 Ch. 7 Case No. 96-1643 1-WCH, Adv. No. 97-11470-EFH (Bankr. D.Mass. Jan. 7, 1998). But, because the heart of Patriot's argument applies to the conflict between § 522(c) and section 1(2), we address it here.
 

 [5]
 

 . The district court refused to address the merits, rejecting Patriot's contention that it had no opportunity to raise its constitutional argument because, after initially sustaining Patriot's objection and closing the case, the bankruptcy court reconsidered and reversed its prior decision
 
 sua sponte
 
 without notice or further hearing. The district court noted that Patriot could have raised the constitutional argument either in its initial objection or in a motion for reconsideration.
 
 See In re Weinstein,
 
 217 B.R. 5, 7-8 (Bankr.D.Mass.1998). We, however, do not consider Patriot’s failure to challenge the constitutionality of § 522(f) in its objection fatal because, at that point, Weinstein had not yet moved to avoid the lien. Additionally, it is not certain that Patriot could have preserved the issue by raising it for the first time in a motion for reconsideration.
 
 Compare United States v. Hassan,
 
 83 F.3d 693, 696 (5th Cir.1996) (holding that the government did not waive argument for appeal by raising it for the first time in a motion for reconsideration),
 
 with Intercontinental Travel Mktg., Inc. v. FDIC,
 
 45 F.3d 1278, 1286 (9th Cir.1994) (refusing to consider due process argument raised for the first time in a motion for reconsideration). In any event, as discussed
 
 infra,
 
 we believe it is appropriate to address the merits of Patriot's constitutional claim despite the possible procedural default.
 

 [6]
 

 . Following the December 10th hearing, the bankruptcy court initially sustained Patriot's objection, denied Weinstein's motion to avoid the lien, and closed the case. Two months later, in light of Judge Feeney’s subsequent decision in
 
 In re Whalen-Griffin,
 
 the bankruptcy court reopened the case
 
 sua sponte,
 
 vacated its prior decision and avoided Patriot’s lien.
 
 See In re Weinstein,
 
 Ch. 7 Case No. 96-16431-WCH (Bankr.D.Mass. Mar. 25, 1997).
 

 [7]
 

 . Bankruptcy Code § 350(b) authorizes a bankruptcy court to reopen a case
 
 sua sponte
 
 to "accord relief to the debtor,” which includes lien avoidance.
 
 See
 
 11 U.S.C. § 350(b);
 
 In re Cummings,
 
 172 B.R. 268, 270-71 (Bankr.W.D.Ark. 1994) (holding that lien avoidance is sufficient cause for reopening a chapter 7 case under § 350(b)). Additionally, § 105(a) grants broad authority to the bankruptcy court to reconsider and reverse its prior decisions if necessary to carry out the provisions of the bankruptcy code.
 
 See
 
 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'');
 
 In re H.K. Porter Co.,
 
 156 B.R. 149, 150 (Bankr.W.D.Pa.1993) C'[T]he Bankruptcy Court has the 'ancient and elementary power' to reconsider any of its orders." (quoting
 
 Brielle Assoc. v. Graziano,
 
 685 F.2d 109, 111 (3d Cir.1982))).