JOHN QUINN *et al. vs.* JOSEPH DRUMMOND *et al.*

MARCH 2, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Survivorship. Equity.  Mistake.  Resulting Trusts.*

Husband and wife each deposited money in a joint account payable to "either or the survivor of them".   The account was used to pay for real estate, conveyed to them as tenants in common.   There was no evidence as to how much of the money was contributed by each.   The wife took charge of the details of the deed.

On bill to correct alleged error, whereby they took as tenants in common instead of joint tenants brought by husband, after decease of wife:—

*Held,* that the evidence supported finding of trial court that no mistake had been made in the deed.

*Held,* further, that the evidence did not warrant the establishment of either a resulting or a constructive trust in favor of complainant.

*(2) Equity Pleading.   General and Special Relief.*

On a bill in equity seeking to correct alleged error in deed to complainant and wife whereby they took as tenants in common instead of joint tenants, complainant on appeal may ask under general prayer for relief, to have respondent declared a trustee of half of the estate, under an implied or resulting trust, although such claim was not urged in the lower court, and even though the special prayer be denied.

*(3) Equity Pleading. General and Special Relief.*

Where the relief sought under the general prayer in a bill is warranted by the facts established and is not inconsistent with the main purpose of the bill, complainant may be given relief under the general prayer although the special prayer be denied.

*(4) Husband and Wife. Fraud.*

Just what conduct is fraudulent as between husband and wife concerning their uncontrolled separate estates must be determined in each case, and the confidential relations of marriage do not under modern liberal laws require a full disclosure between husband and wife of the uses which either purposes to make of individual personal property.

*(5) Estate by Entirety.*

An estate by entirety is a peculiar and anomalous estate and under the statute is not to be created unless plainly so intended.

BILL IN EQUITY. Heard on appeal of complainant and dismissed.

BARROWS, J. This is a bill in equity seeking to correct an alleged error in a deed of real estate to complainant and his wife, Annie, whereby they mistakenly took as tenants in common instead of as joint tenants. Since the filing of the bill complainant has died and this action is pressed by his grantee. It is brought against the respondent as devisee of the wife's interest and executor of her will. After hearing on the merits the bill was dismissed because the evidence failed to show mistake. From such dismissal the present appeal was taken.

Thirty-two issues of fact were specifically answered by the trial court. There is support for the findings in the evidence and complainant is met at the outset by the duty of showing that these are clearly wrong. Such error can not be shown from the testimony.

Complainant and his wife were married in 1899. She died in 1921. They never had any children. Each always worked in a mill,—he as a laborer; she, as a weaver. He never knew what she earned. She was "close-mouthed" and their financial relations were not confidential. Not long before the execution of the deed in question, they were estranged for three years, during which time she lived and

supported herself in Philadelphia and he lived in Providence. He had been ill for two years and was in the latter stages of tuberculosis when she died suddenly in 1921. He died shortly after his deposition was taken following the institution of this action.

Early in their married life each deposited money in a Providence bank in a joint account made payable to "either or the survivor of them". It was this account, amounting to $600 which was used in 1914 to pay for the real estate described in the deed before us. The property purchased was a dwelling house in which they lived thereafter, paying off a note thereon from their earnings. There is no evidence how much of the money was contributed by each. The deed was made to complainant and his wife. She took charge of the details relating thereto. It is conceded that as executed a tenancy in common and not a joint tenancy was created unless a contrary intention could be shown. Gen. Laws, 1909, Chap. 252, Sec. 1.

Complainant asks us to find a contrary intention from all the circumstances and particularly upon the testimony of the husband that he and his wife entered into an agreement at the time the property was bought whereby they were to be joint tenants with the usual incident of survivorship in such tenancy. A fatal difficulty with complainant's case is that the lower court specifically found upon this issue, that no such agreement was made. We are now asked to hold· that the lower court erred in its conclusion, not because the evidence did not support it but because admittedly truthful and conclusive testimony to disprove an intention to create a joint tenancy, given by a member of this bar who drew the deed, should be disregarded. We need not discuss the various reasons offered for disregarding the evidence of this witness although we have considered them, and believe them to be without merit. The record shows that the testimony was given without objection or exception or request to strike out or disregard the testimony after it was in. The evidence, vital and material, was that after

a full explanation by Mr. Hanley to Mrs. Quinn of the manner in which she and her husband could take as joint tenants with right of survivorship, she expressly directed that the deed be drawn to them so as to create two half undivided interests as tenants in common. It would be a novel and unwarranted proceeding to disregard such evidence so given without objection in a proceeding to correct an alleged mistake. On the testimony the trial court could have reached no other result than to refuse to find that a mistake had been made in the deed.

Complainant, if the correctness of the denial of the special prayer for relief on account of mistake be affirmed, now asks us under the general prayer to have respondent declared a trustee of the undivided half devised to him by the wife, under an implied resulting or constructive trust for the benefit of complainant. Though not urged in the court below such claim is available to complainant. Under the general prayer complainant may be given relief even though the special prayer be denied. 21 C. J. 679. This rule is subject to the qualification that the relief sought under the general prayer is warranted by the facts established and is not inconsistent with the main purpose of the bill. 21 C. J. 682; *Lockhart* v. *Leeds*, 195 U. S. 427. There is no inconsistency between the special and general prayer in this case. *Lyons* v. *Lyons*, 25 R. I. 494.

We have examined the cases cited by complainant in which a resulting trust was declared. They are merely applications of the usual rule that a resulting trust is created to carry out the presumed or proved intention of the parties. In the case before us complainant's claim is confronted by an express finding that the asserted intention of the parties did not exist. Whatever may have been complainant's understanding of how the title was to be taken, the evidence is not clear that his wife had any understanding that the ownership was to be joint with the incident of survivorship.

Complainant urges that even though a resulting trust can not be declared, the court should create a constructive trust contrary to the wife's intention because she violated her duty arising from the fiduciary relation between herself and her husband to inform him of her intention to have the property taken as tenants in common and not as joint tenants; that her instructions to the draftsman, without her husband's knowledge, to draw the deed to them as tenants in common and not as joint tenants constituted an injustice to the husband against which equity should relieve. The principle of trust based upon fraudulent conduct is well settled. Perry on Trusts, 6th ed. Sec. 166. Just what conduct is fraudulent as between a husband and wife in these days of uncontrolled separate estates must be determined in each case. In the case of *Swisshelms Appeal*, 56 Pa. St. 475, fraudulent conduct toward the wife is plainly apparent. There the wife owned as tenant in common with her husband certain real estate for which she had paid from her own money $2,000. The property was increasing in value. The husband and wife became estranged and the husband, with deliberate intent to deprive the wife of her interest, actively procured a levy and sale under execution by a judgment creditor of the wife's predecessor in title in such a way as to eliminate her interest. The wife was absent, at Minnesota, and neither she nor her lawyer in Pennsylvania were aware of what was taking place. The sale, while perhaps strictly legal, was attended by elements such as lack of knowledge on the part of the wife and her solicitor, active procurement of a sale not otherwise contemplated, by the husband and his purchase at such sale of the wife's interest for $580 with the asserted purpose of depriving her of all interest in the property. On such facts the court referred to their confidential relations as warranting equity in creating a trust *ex maleficio*, saying that the husband was practically a vendor and vendee and that he could not take advantage of his knowledge of the wife's situation to cheat her out of her property. In the case at

bar the husband has not been deprived by the chicanery of the wife of any property which he ever possessed. She was entitled to her own earnings to do with as she pleased and she always handled them without any regard to her husband. He admitted her right to one half of the bank account and the evidence clearly indicates that such a division was eminently fair to him. She took no advantage of the marital relationship, did not act secretly or furtively and attempted no fraud upon her husband. He knew the attorney who had the matter in charge. The confidential relations of marriage do not under modern ·liberal laws require a full disclosure by husband to wife or vice versa of the uses which either purposes to make of individual personal property.

There is no analogy between personal property deposited, as above referred to, and real estate held as tenants by "entirety". Such an estate neither husband nor wife can destroy by his or her act alone. 30 C. J. 566 and 567; *Palmer* v. *Treasurer*, 222 Mass. 263; *Frost* v. *Frost*, 200 Mo. 474. An estate by entirety is a peculiar and anomalous estate *sui generis* in its nature, 30 C. J. 564, and it is evident from our statute that such an estate is not to be created unless plainly so intended. The wife's assertion in this case was that the purchase price was mostly her own money and that the husband was getting a one half interest as tenant in common by reason of her generosity and to encourage him to treat her better and to improve his habits. Both expected the husband to die first. The husband's claim, as shown by a careful reading of his testimony, was only that he thought her share would belong to him when she died. Such disappointed expectation is not a proper foundation upon which to erect a trust *ex maleficio* or to create a tenancy by entirety. A court of equity may act to prevent the deprivation of a person of his property by abuse of confidence. It can not compel a person to use her own property in ways she has not agreed or desired to do.

Complainant is not entitled to the relief sought, either in his special or general prayer.

Complainant's appeal is dismissed, the decree of the Superior Court is affirmed and the cause is remanded to the Superior Court for further proceedings.

*George F. Troy,* for complainants.

*Frank L. Hanley, Sherwood, Heltzen & Clifford, Raymond E. Cuffe,* for respondents.