Walter M. Van Ausdall 
vs. }Eq.No.7465
Mary E. Van Ausdall

May 28, 1926

BAKER, J. Final hearing.

This is a bill of complaint asking for the partition of two parcels of real estate, one situated in the town of Barrington and the other in the town of East Providence, in this state.

There is no dispute about the facts in the case and the question raised is one of law.

The respondent does not contest the prayer of the bill as far as the parcel of land situated in the town of Barrington is concerned. She does claim, however, that the complainant is not entitled to have the parcel situated in the town of East Providence partitioned.

It appears from the record in the case that the parties are husband and wife and that they are living apart by reason of a decree granting to the respondent a divorce from bed, board and future cohabitation until the parties become reconciled.

In defence to the bill the respondent contends that she and her husband, the complainant, are tenants by the entirety of the said parcel situated in the town of East Providence and, therefore, it is not subject to partition.

It seems well settled by the authorities that if the property is held by husband and wife as tenants by the entirety, then a bill for the partition of such property will not lie.

Freeman on Co-tenancy & Partition, 2nd ed. Secs. 63 to 65, and 71.

Vol. 30 Cyc, page 181.

Quinn vs. Drummond, (R. I.) 132 Atl. 439.

Also, if the parties have been granted an absolute divorce severing the marriage relation, the law is clear that in such a case partition can be had, but if the divorce is not absolute but merely conditional or limited, as in the case at bar, then the marriage status exists and no partition of the property in question is possible.

McKinnon vs. Calk, 167 N. C. 411.

Sharpe vs. Baker, 51 Ind. Ap. 547.

The precise question in point has apparently not been decided as yet in this state. The deed conveying the property in question contains the following language:

"We, Carolyn F. Armington and Edith A. Armington of East Providence and Arthur H. Armington of Providence hereinafter called the grantors in consideration of one hundred dollars, to us paid by Walter M. Van Ausdall and Mary E. Van Ausdall, his wife, of said East Providence hereinafter called the grantees, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said grantees as joint tenants and their heirs and assigns forever * * *"

The habendum clause read as follows:

"TO HAVE AND TO HOLD, the aforegranted premises, with all the privileges and appurtenances thereunto belonging, unto and to the use

of the said grantees, as joint tenants and not as tenants in common, and their heirs and assigns, and the heirs and assigns of the survivor of them."

The respondent urges that the use of the foregoing language creates in her and the complainant, her husband, an estate by the entirety and that, therefore, the prayer of the bill for partition should not be granted.

Estates of this nature have been variously considered and interpreted in the several jurisdictions. It would seem that in Connecticut and Ohio, and possibly other states, no such estate is recognized. In other jurisdictions the existence of the estate depends upon the construction given to the local statute relating to joint tenancies and tenancies in common. Apparently, in Iowa, the court has held that there must be clear proof that a tenancy by the entirety is intended before the court will give a deed such a construction. In a very fair number of states, including Massachusetts and Tennessee, the common law rule of construction regarding estates by the entirety has been followed, and apparently in these jurisdictions practically every conveyance to husband and wife creates an estate by the entirety. In most of these states the cases rest on a line of decisions running back to a comparatively early date. The court is inclined to believe that if the deed involved in the present case was to be construed by the court in Massachusetts, it would be held that the estate was one by the entirety.

Hoag vs. Hoag, 213 Mass. 50.

Cole Mfg. Co. vs. Collier, 95 Tenn. 15.

Washburn on Real Property, 6th ed. Sec. 911.

The above line of cases apparently rests on the common law theory that a husband and wife, being in the eyes of the law, one person, can not hold property by moieties but hold by the entirety, and in some of these juris-dictions statutes not unlike the statute in this state relating to joint tenancies and tenancies in common have been construed not to apply to a conveyance to husband and wife.

Our court has apparently recognized the fact that an estate by the entirety may, under certain circumstances, be properly created in this state.

Quinn vs. Drummond, supra.

The court, however, has used the following language:

"An estate by entirety is a peculiar and anomalous estate sui generis in its nature, (30 C. J. 564), and it is evident from our statute that such an estate is not to be created unless plainly so intended."

Quinn vs. Drummond, supra.

It would appear, perhaps, that this holding followed to some extent the construction placed upon such tenancies by the court in Iowa.

Freeman on Co-Tenancy & Partition, 2nd ed. Secs. 66 and 72.

Washburn on Real Property, 6th ed. Secs. 914 and 915.

Further, in Indiana it would appear that the court has made a distinction between the use of the words "as joint tenants" and "jointly." Where the former words have been used, the court in that jurisdiction has held that the husband and wife take the property as joint tenants, and not by the entirety.

Simons vs. Bolinger (Ind.) 36 N. E. 23.

Wilken vs. Young (Ind.) 41 N. E. 68.

Thornburg vs. Wiggins (Ind.) 34 N. E. 999.

If, however, the word "jointly" has been used in the conveyance to husband and wife, then the court has held that that creates an estate by the entirety.

Kiracofe vs. Kiracofe, (Ind.) 142 N. E. 21.

Taking into consideration the fact that this precise question is now ap-

parently arising in this state for the first time, and keeping in mind the fact that under modern conditions a husband and wife may each possess uncontrolled separate estates, and considering the language used by the court in the case of Quinn vs. Drummond, supra, it would appear, under the construction to be given our statute, that an estate by the entirety should not be found unless it is clear from the language used in making the conveyance that it was plainly so intended by the parties.

After examining carefully the language of the deed introduced as an exhibit in the present case, the court does not find that it was clearly intended that the estate conveyed to the complainant and to the respondent should be an estate by the entirety. If the language as used in the conveyance under consideration is held without further explanation to create a tenancy by the entirety, then it would seem as though practically every conveyance to husband and wife in this state was of that nature. The court does not believe that the proper construction of our statute requires this.

That being so, the court will find that the complainant is entitled to partition, and the prayer of the bill is granted.

For Complainant: Quinn, Kernan & Quinn.

For Respondent: Tillinghast & Lynch and George F. Troy.

