WALTER M. VAN AUSDALL *vs.* MARY E. VAN AUSDALL.

JANUARY 26, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

*(1)   Tenancy by Entirety.   Joint Tenancy.*

Under a conveyance to "A. and B., his wife, unto the said grantees as joint tenants and their heirs and assigns forever" with habendum "unto and to the use of the said grantees as joint tenants and not as tenants in common and their heirs and assigns and the heirs and assigns of the survivor of them," they hold as joint tenants and not as tenants by the entirety.

*(2)   Presumptions.*

When the basis for a presumption has gone, there is small reason for a court longer to act upon that presumption; and there is no legal requirement

that a common law presumption must remain unaffected until expressly altered by statute.

*(3)   Joint Tenancy.   Presumptions.*

In construing a deed to husband and wife as "joint tenants" the *presumption* is that they take by moieties as if sole and unmarried.

BILL IN EQUITY for partition.   Heard on appeal of respondent and appeal dismissed.

BARROWS, J.   This is an appeal from a decree in equity ordering partition of certain real estate.   Title came to the parties, husband and wife, by deed in 1911.   In 1923 a divorce from bed and board was granted the wife.   The bill for partition was filed in 1925.

The only question is whether title was held by the parties as tenants by entirety or as joint tenants.   If the former, the bill can not be maintained.

The language of the deed of conveyance referred to a consideration of $1.00 paid to the grantors by the grantees "Walter M. Van Ausdall and Mary E. Van Ausdall, his wife" and conveyed the property "unto the said grantees as joint tenants and their heirs and assigns forever".   The habendum clause provided for a holding "unto and to the use of the said grantees as joint tenants and not as tenants in common and their heirs and assigns and the heirs and assigns of the survivor of them".

(1)   At common law when a deed was made to A and B, not being husband and wife, the nature of the tenure depended on the wording of the deed.   Without explanatory words the deed was interpreted as creating a joint tenancy because such tenancies were looked upon more favorably than tenancies in common.   2 Bl. Com. 180.   Apt language, however, could create a tenancy in common.   2 Bl. Com. 193.   The subsequent marriage of A and B did not alter the nature of the tenure whether it were "joint" or "common".   *Den* v. *Hardenbergh*, (N. J.) 18 Am. Dec. 371, note at 385.   Joint tenants were "seised *per my et per tout*— by the half or moiety and by all".   But "if an estate in fee

be given to a man and his wife they are neither properly joint tenants nor tenants in common; for, husband and wife being considered as one person in law, they can not take the estate by moieties but both are seized of the entirety *per tout et non per my.*" 2 Bl. Com. 182. See also elaborate exposition in *Den* v. *Hardenbergh, supra.* From this developed the *presumption, Hoag* v. *Hoag,* 213 *Mass.* 50, often applied that "the same words of conveyance which would make two other persons joint tenants, will make a husband and wife tenants of the entirety". Freem. Cot. (2d ed.) Sec. 69; *Den* v. *Hardenbergh, supra,* at 374, citing cases at common law; 30 C. J. § 89. p. 560. In Massachusetts this form of tenure early and often has been the subject of judicial consideration. In addition to the four unities of joint tenancy a fifth, unity of two natural persons as one person in law, existed in tenancy by entirety. *Topping* v. *Sadler,* 5 Jones, 357. Tenancy by entirety is treated as a species of joint tenancy and not as a distinct tenancy apart from joint tenancy by some of the leading authors on real property. Note to *Den* v. *Hardenbergh,* at 379, but a full consideration of its attributes has led others to classify it as an independent cotenancy. Freem. Cot. § 71.

Tenancy by the entirety sharply differed from joint tenancy by reason of inseverability by act of one grantee. 2 Bl. Com. 182. It could not be the subject of a judicial decree for partition. *Bennett* v. *Child,* 19 Wisc. 383. Freem. Cot. (2d ed.) §§ 63-65; but an *absolute* divorce destroyed the estate because "one legal person had been resolved . . . into two distinct individual persons who could no longer hold a single legal seisin but must hold by moieties." *Ames* v. *Norman,* 4 Snead 696; *Thornley* v. *Thornley,* (1893), 2 Ch. 229.

At common law the capacity of a husband and wife to *hold* by moieties after marriage an estate taken by moieties before marriage was recognized. So too was inability to *take* by moieties after marriage because of legal oneness. This inconsistency was early attacked in this country by

statute and they were allowed to take as well as hold as tenants in common. Most American authorities hold that a husband and wife if apt language be used can *take* as well as *hold* by moieties as joint tenants. *Hoag* v. *Hoag*, 213 Mass. 50.

We commented on the peculiarity of tenancies by entirety in *Quinn* v. *Drummond*, 47 R. I. 215, 132 Atl. 439. That they have been uncommon in Rhode Island is noticeable by the absence of reference to such an estate in any of our legislation prior to 1926, Public Laws, Chapter 810 (p. 179). There the term is used in connection with taxation. Nor prior to *Quinn* v. *Drummond, supra,* is such an estate mentioned in any of our reported decisions.

Though its existence at common law is recognized in most states, 30 C. J. 555, n. 36, on account of its peculiar attributes a few states have refused to consider a tenancy by entirety as part of their common law. *Whittlesey* v. *Fuller,* 11 Conn. 337. See Ohio cases cited in *Den* v. *Hardenbergh, supra,* at 381. In our opinion the possible existence of such tenure may be accepted without necessarily indulging presumptions in its favor. We think such possibility came to us as a part of our common law. Upon this ground, together with absence of any legislation or decisions expressly relating to such estates, respondent bases her claim that the tenancy here created must be presumed to be one by entirety.

Complainant's claim is that in the light of Rhode Island legislation there is a presumption in the absence of words indicating a contrary intention that a deed to husband and wife as joint tenants creates a joint tenancy as distinguished from a tenancy by entirety.

On the facts before us at early common law a presumption would exist in favor of construing this deed as creating a tenancy by entirety. This was only a presumption, *i. e.,* an aid to legal reasoning. It arose because grantees were husband and wife and legal policy favored a holding *"per tout et non per my"*. It was employed in English law at a time when a married woman had few

property rights.    It was created for what was conceived to be the wife's protection.    If she now has full propety rights and needs no such protection, the reason for its employment has disappeared and a court properly may decline to be guided by it.    One of the glories of the common law has been that it is not static.    It grows as new conditions (2) arise.    When the basis for a presumption has gone, there is small reason for a court longer to act upon that presumption.    If nothing has taken the place of such basis, perhaps the presumption may continue to be applied.    Where for that basis has been substituted an entirely altered conception of the property relation of husband and wife, the imputation of intent, as if no alteration had been made, is not sound.    There is no legal requirement that such a common law presumption must remain unaffected until expressly altered by statute.    A presumption is not evidence.    *Colangelo* v. *Colangelo*, 46 R. I. 138.    It is an aid to legal reasoning applied to particular subjects.    It is grounded on "experience, probability, policy and convenience".    Thayer Prelim. Treatise on Evid. at p. 314.    When the grounds change so should the presumption.    Ibid. p. 346.    It is here only an aid to construction in determining whether the parties intended to create a joint tenancy or a tenancy by entirety.    *Hiles* v. *Fisher*, 144 N. Y. 306, at 312.    30 C. J. p. 557, Sec. 85.

The statutes upon which reliance is placed to show that we should not imply an intendment to create a tenancy by entirety are those relating to married women's separate property rights and the act changing the common law presumption of joint tenancy to tenancy in common.    They are said to show a policy opposed to tenancies by entirety. The latter act at the time of the execution of this deed was General Laws, 1909, Chapter 252, Sec. 1.    It is true that this statute has been held to be a rule of construction, *Re Heath*, 12 R. I. 479, and that the language of the deed before us conveying the property to grantees "as joint tenants and not as tenants in common" indicates the in-

tention to prevent the operation of the statute. On this account *Hoag* v. *Hoag,* 213 Mass. 50, held a like statute of no value as an aid to interpretation of a similar deed, and *Voigt* v. *Voigt,* 252 Mass. 582, followed with the conclusion that during coverture the husband's right to possession, control and management of property held by entirety remains as at common law and is unaffected by modern statutes.

G. L. of R. I. 1909, Chap. 252, Sec. 1, is not a direct aid in construing the present deed. This act first appeared in Laws of Rhode Island 1798, Page 272. Whether or not in that act estates by entirety were affected, in 1822, Laws of Rhode Island, p. 206, appears "An act concerning Partition and estates holden in Coparcenary, common and joint tenancy". This re-enacts the earlier statute with the added words, relating to the grantees, "whether they be husband and wife or otherwise". Thereafter a conveyance to husband and wife without indication of contrary intention created a tenancy in common not one by entirety. That statute has so continued without interruption and such a deed has since 1822 permitted a holding by moieties. It is true that the statute is silent as to presumptions between joint tenancies and those by entirety but it does betray a clear recognition that a deed to husband and wife does not necessarily create a tenancy by entirety because of their single personality in law. It attacks the root of tenancies by entirety.

If our only light came from the above statute we might hesitate in refusing to apply the early common law presumption but in addition to the above statute our so-called married women's acts in force in 1911 had destroyed so far as concerned property rights in real estate the common law theory of unity of husband and wife as one legal person during coverture. G. L. 1909, Chap. 246. These acts gave to the wife full control and management of her real property free from interference by her husband as if she were sole and unmarried. They referred to all of her real property.

They have been characterized by this court in *Cooney* v. *Lincoln,* 20 R. I. 183; *Smith* v. *Smith,* 20 R. I. 556; *McElroy* v. *Capron,* 24 R. I. 561, at 564, and *Burns* v. *Brightman,* 44 R. I. 316, at 321. In *McElroy* v. *Capron,* the court said: "The evident intent of modern legislation in this State . . . is to place a married woman upon practically the same basis or plane, with regard to legal rights and liabilities, as if she were sole and unmarried." Respondent, though admitting that she possesses the legal right of control and management of her property as if unmarried yet insists that the statutes have not altered the presumption as to the kind of tenure in a deed to husband and wife as "joint tenants". This argument is made because the tenancy by entirety has not been expressly referred to in any statute. It is supported by good authority, the latest case being *Settle* v. *Settle,* (D. C.) 8 Fed. Rep. (2d series) 911. It will be noted however that in the jurisdiction of both the *Hoag* case and the *Settle* case estates by entirety previously had been recognized repeatedly in judicial decisions. Under such circumstances there was plausible ground for holding that if such estates were to lose their presumptive favor it must be done by express legislative enactment. Had such estates been common in Rhode Island the argument would possess more force. With us the estate has been uncommon.

(3) Some courts have held that estates by entirety ceased to exist or were abolished by the married women's acts. 30 C. J. 558, § 87, n. 62. We agree with these courts that such tenure is not in keeping with the attitude of modern times toward the property rights of husband and wife but we do not deem it necessary to hold that the possibility of creating such an estate has ceased. A result based upon sound principles and in accordance with the modern spirit is reached by holding that the *presumption* in construing a deed to husband and wife as "joint tenants" is that they take by moieties as if sole and unmarried. If the ancient tenure by entirety with its peculiar incidents is sought to be created it should be done by clear and unmistakable

language and should not depend upon the aid of a presumption based on an outworn legal fiction. Granting the right of husband and wife to hold as joint tenants, as well as by entirety, no reason exists for presuming that the deed does not mean exactly what it says or for longer applying to the construction of the deed a presumption that the parties intended when describing the husband and wife as "joint tenants" to create a different form of tenure, to wit, by entirety which is a joint tenancy "modified by the common law doctrine that the husband and wife are one," *Pray* v. *Stebbins*, 141 Mass. 219; a form of tenancy unsuited to modern times and little known to modern lawyers. Cf. *Wallace* v. *St. John*, 119 Wisc. 585; *Hoffman* v. *Stigers*, 28 Iowa 302; *Green* v. *Cannady*, 71 S. C. 317.

The real estate here involved was held by complainant and respondent as joint tenants and not as tenants by the entirety. The decree for partition was properly entered.

Respondent's appeal is denied. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for complainant.

*George F. Troy, Tillinghast & Lynch*, for respondent.