**In re Julie A. STRANDBERG, Debtor.**

No. 99–11012.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 7, 2000.

Lisa A. Geremia, Geremia & DeMarco, Ltd., Providence, RI, for debtor.

Bruce J. Balon, William J. Delaney, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI, for creditor, Elwood J. Howard.

## OPINION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court is the Debtor's ("Strandberg") Motion to Avoid a $97,634 judicial lien placed on the Debtor's residence by Elwood J. Howard ("Howard"). Howard objects, arguing that this case is distinguishable from, and therefore not controlled by *Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677 (1st Cir.), *cert. denied*, 527 U.S. 1036, 119 S.Ct. 2394, 144 L.Ed.2d 794 (1999), which allowed the Debtor's claim of homestead exemption, notwithstanding that the state homestead statute was enacted *after* the debt was incurred and *after* the creditor's judicial lien attached. In *Weinstein* the court reasoned that the Bankruptcy Code preempted the Massachusetts Homestead Act's exception for prior contracted debts and pre-existing liens. For the reasons set forth below, we find Howard's position to be untenable, conclude that *Weinstein* is controlling, and that the Debtor's motion to avoid Howard's lien should be granted. However due to our rulings on valuation, Howard's lien is only partially avoided.

## BACKGROUND

■ On March 2, 1994, Howard obtained a judgment against Julie Strandberg, and on April 15, 1994, he recorded an execution against her residence in Provi-

dence, Rhode Island. At all relevant times Strandberg owned the subject property with her non-debtor spouse, Josiah R.W. Strandberg, as tenants-by-the-entirety.[1] On March 19, 1999, Strandberg filed a Chapter 7 petition, elected state rather than federal exemptions, and claimed a $100,000 homestead exemption pursuant to R.I.Gen.Laws § 9–26–4.1. The parties agree that the market value of the property is $160,000. There are no mortgages, and the Debtor's attorney represents in her memorandum that although there are two other encumbrances of record, both have been paid in full.

The Debtor argues that applying the formula set in 11 U.S.C. § 522(f), the judicial lien should be avoided in its entirety, because the sum of the targeted judicial lien ($97,634), plus all other liens ($0), and the Debtor's exemption ($100,000), exceeds the value of the Debtor's unencumbered one-half interest in the property ($80,000) by $117,634. In opposition, Howard argues: (1) that because his lien pre-dates both the enactment of the Rhode Island homestead statute and the Debtor's acquisition of the estate in homestead by several years, the $100,000 exemption is not available to her; (2) that the retroactive application of the new homestead statute would be unconstitutional; and finally, (3) that the Debtor's homestead exemption should be limited to 50% ($50,000) because allowing the Debtor the full $100,000 homestead exemption would deny her non-debtor spouse any future protection of his interest in the property.

## DISCUSSION

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate that would otherwise be available to creditors, see 11 U.S.C. § 522(f), and if a state has not opted out of the federal exemption scheme, then Section 522(b) allows the debtor to choose either state or federal exemptions. See 11 U.S.C. § 522(b)(2). Rhode Island has not opted out of the federal exemption scheme and the Debtor, exercising her option under 522(b), has elected state exemptions, which include the Rhode Island Homestead Act. That statute provides in relevant part:

> In addition to the property exempt from attachment as set forth in § 9–26–4, an estate of homestead to the extent of one hundred thousand dollars ($100,000) in the land and buildings may be acquired pursuant to this section by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of attachment, levy on execution and sale for payment of debts or legacies except in the following cases:
>
> . . .
>
> (2) for a debt contracted prior to the acquisition of said estate of homestead;
>
> . . .
>
> For the purposes of this section, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his or her family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this section, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner. The provisions of this section shall not apply to any debt owing to a financial institution.

---

1. Apart from the bankruptcy, Howard's lien is of questionable value because the property is owned as tenants by the entirety, and since Howard's lien attached only to Mrs. Strandberg's interest, he has a lien only on her contingent future expectancy interest in the property. See In re Furkes, 65 B.R. 232, 236 (D.R.I.1986); In re Bois, 191 B.R. 279, 280–81 (Bankr.D.R.I.1996).

R.I.Gen.Laws § 9–26–4.1 (hereinafter "Homestead Act").

■ Here, it does not matter that the Rhode Island Homestead Act was enacted *after* Howard's lien attached, since federal law allows the Debtor to exempt property from the estate that is exempt under any state, federal or local law *in effect on the date of filing the petition*. Section 522(b) states: "... an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection." 11 U.S.C. § 522(b). Paragraph 2 of subsection (b) defines exempt property as "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of filing of the petition...." 11 U.S.C. § 522(b)(2)(A). Clearly, the Rhode Island Homestead Act was applicable on the date the instant petition [2] was filed, and therefore the exemption is allowable.

■ In complaining (understandably) about the Rhode Island Homestead Act's retroactive application in bankruptcy, Howard focuses on the state statute, rather than on federal bankruptcy law which defines the availability of exemptions in bankruptcy. Howard's arguments to the contrary notwithstanding, the Code controls. *See* 11 U.S.C. § 522(b)(2)(A).

■ While it is also true that the Rhode Island Homestead Act contains an exception for debts contracted prior to the estate in homestead, that exception is likewise preempted, by 11 U.S.C. § 522(c). *See Weinstein,* 164 F.3d at 682, where the First Circuit Court of Appeals dealt with the Massachusetts homestead statute vis-a-vis Section 522(c). The Massachusetts statute, like Rhode Island's, withholds the homestead exemption for prior contracted debts, but the Court of Appeals held that because the exceptions enumerated in the Massachusetts homestead statute were inconsistent with those listed in Section 522(c)(1)–(3), the state provision had to give way to the federal, and that the exempt property was liable only for the debts enumerated in Section 522(c)(1)–(3).[3] *Weinstein,* 164 F.3d at 682–83. *See also In re Boucher,* 203 B.R. 10, at 13 (Bankr. D.Mass.1996), where the Court recognized this important distinction in considering "the difference between the function of a state homestead exemption outside of bankruptcy and the way it operates in bankruptcy." *See also In re Stewart,* 246 B.R. 134 (Bankr.D.N.H.2000) (holding that an exception enumerated in a state law exemption statute was not applicable in bankruptcy as it was preempted by section 522(c)). Following *Weinstein, Boucher and Stewart,* we also hold that the Rhode Island Homestead Act is preempted by Section 522(c), and that the only debts for which the debtor's exempt property is lia-

**2.** These cases are fact specific, and this Court is not herein foreclosing its right (and in fact its duty) to inquire into the Debtor's pre-petition insolvency estate planning activities, to consider and/or determine the existence of bad faith. Bad faith/lack of good faith is not an issue in this case.

**3.** The statute states in relevant part:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;
(2) a debt secured by a lien that is—
(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
(ii) not void under section 506(d) of this title; or
(B) a tax lien, notice of which is properly filed; or
(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(c).

ble are those enumerated in subsections (1)–(3) of Section 522(c). *Weinstein,* 164 F.3d at 682–83. Because Strandberg's prior debt is not one of the enumerated exceptions, her exemption is unaffected.

■ Regarding Howard's equitable argument that the Debtor should be allowed only 50% of the Rhode Island homestead exemption, the state statute addresses this point directly: "only one owner may acquire an estate of homestead in any such home for the benefit of his or her family." R.I.Gen.Laws § 9–26–4.1. The Homestead Act clearly limits the exemption to one person, and it is not within our discretion to apportion a homestead exemption as Howard suggests—especially since Howard cites to no authority for the application of his "equitable argument" nor suggests any reason why the Court is not restricted to the clear meaning of the statute.

■ Finally, Howard argues that the statute is unconstitutional because it allows the taking of his property in violation of the Fourteenth Amendment. Both the First Circuit Court of Appeals in *Weinstein* and the Bankruptcy Appellate Panel for the First Circuit in *In re Leicht,* 222 B.R. 670 (1st Cir. BAP 1998), have addressed and rejected this argument. The BAP reasoned that if the judicial lienholder acquired its lien after the enactment of Bankruptcy Code Section 522(f) in 1978, then "[t]he lien was born subject to . . . [the Debtor's] right to avoid it pursuant to § 522(f)(1)." *Id.* at 683. In other words, it is Bankruptcy Code Section 522(f) and not the state exemption statute that affects

the lien creditors' rights. Therefore, if a judicial lien comes into being after the enactment of Section 522(f), the debtor's avoidance of the lien in bankruptcy does not constitute a "taking" of the judicial lienholder's rights. *Id.* at 683–84.

In *Weinstein* the Court of Appeals adopted the *Leicht* rationale, holding that the lienholder's rights were subordinate to the debtor's ability to avoid the lien under the Code as written when the lienholder's rights were created, and therefore the prospective application of § 522(f) did not constitute a "taking" of the lienholder's property interest within the meaning of the Fifth Amendment takings clause. *Weinstein,* 164 F.3d at 686. In the instant case, Howard obtained his lien on April 15, 1994, and, as in *Leicht* and *Weinstein,* said lien was created subject to the provisions of the Bankruptcy Code in effect at that time. *See Leicht,* 222 B.R. at 683–84; *Weinstein,* 164 F.3d at 685–86.

■ In considering the applicability of the § 522(f)[4] formula to the facts of the instant case, early on we questioned the value of the Debtor's interest in the property, i.e., since the property is owned as tenants by the entirety, does the Debtor have *any* present interest in the property? We asked the parties to submit memoranda on the issue and they have complied, but while we were awaiting the briefs, the Bankruptcy Appellate Panel for the First Circuit issued its opinion in *Snyder v. Rockland Trust Co. (In re Snyder),* 249 B.R. 40 (1st Cir. BAP 2000) which we find

---

4. The statute states in relevant part:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien
. . .
(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.
(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
11 U.S.C. § 522(f).

relevant, persuasive, and instructive on the issue here.

*Snyder* involved a Massachusetts debtor who elected federal exemptions under 522(b)(1) and sought to avoid a $65,000 judicial lien. The real estate was owned as tenants by the entirety by the debtor and his non-debtor spouse. After surveying Massachusetts law on tenancy by the entirety, the BAP held that for purposes of applying the lien avoidance formula in section 522(f), the debtor's interest in tenancy by the entirety property should be valued at 100 percent, as opposed to some lesser percentage. The Panel reasoned that such a valuation is more in keeping with Massachusetts law which holds that tenancy by the entirety is a unitary title which " 'guarantees each spouse an equal right to the whole.' " 249 B.R. at 46 (*quoting Coraccio v. Lowell Five Cents Sav. Bank,* 415 Mass. 145, 612 N.E.2d 650, 654 (1993)).

 A review of Rhode Island law discloses a very similar theme. Tenancies by the entirety are recognized in Rhode Island as they were known at common law. *Cull v. Vadnais,* 122 R.I. 249, 406 A.2d 1241, 1244 (1979); *see also Bloomfield v. Brown,* 67 R.I. 452, 25 A.2d 354, 356 (1942); *Van Ausdall v. Van Ausdall,* 48 R.I. 106, 135 A. 850, 851 (1927). For such a tenancy to be created there must exist the four unities of time, interest, title, and possession. *See Cull v. Vadnais,* 406 A.2d at 1244. Once these unities are found to exist, a husband and wife being considered as one person in law cannot take the estate by moieties but both are seised of the entirety *per tout et non per my. Van Ausdall v. Van Ausdall,* 135 A. at 851. They take "by the whole, and not by the moiety. Where an estate in fee is given to a man and his wife, they cannot take the estate by moieties, but both are seised of the entirety." Black's Law Dictionary 1145 (6th ed.1990). "[E]states by the entirety are ... uniquely premised upon the common-law doctrine that husband and wife are one, so that they take the whole estate as a single person." *Cull v. Vad-*

*nais,* 406 A.2d at 1244. Without personally endorsing the political correctness of this doctrine in the year 2000, we recognize it, as did the District Court for the District of Rhode Island in *In re Furkes* when it stated that "each party holds all of the property—yet neither holds a separate or share." 65 B.R. 232, 234 (D.R.I.1986). These tenets of Rhode Island law, which are fully compatible with *Snyder,* bring the Court to the conclusion that for the purpose of applying the lien avoidance formula in Section 522(f), the debtor's interest in tenancy by the entirety property should be valued at 100 percent.

 While there may be some appeal to using actuarial evidence to arrive a more precise value of a debtor's interest in property owned as tenants by the entirety, the BAP in *Snyder* explains why such an approach is unworkable in bankruptcy:

> A proceeding under 522(f) is excepted from Part VII of the Federal Rules of Bankruptcy Procedure, which otherwise pertain to a proceeding to determine the validity, extent or priority of a lien.... Rule 4003(d) expressly provides that a proceeding under section 522(f) shall be by motion. The Panel finds that a hearing on a motion to avoid a lien pursuant to section 522(f), much like a hearing on a motion for relief from the automatic stay, should be a summary proceeding susceptible to a quick and binding resolution.... To adopt a procedure for actuarially analyzing the Debtor's interest in the tenancy by the entirety does not fit into this mold, and the Panel rejects it. Indeed, such a procedure would require in each instance a determination of the Debtor's interest based on age, sex, health and all other factors that go into making that type of actuarial determination of value.

*Snyder,* 249 B.R. at 46 (citations omitted).

Applying the formula set forth in Section 522(f) to the facts of the instant case, the sum of the targeted judicial lien ($97,-634), plus all other liens ($0), and the

Debtor's exemption ($100,000), exceeds the unencumbered value of the Debtor's interest in the property, valued at 100% ($160,-000) by $37,634. *See* 11 U.S.C. § 522(f)(2)(A); *East Cambridge Sav. Bank v. Silveira (In re Silveira)*, 141 F.3d 34 (1st Cir.1998). Howard's lien, therefore, impairs the Debtor's exemption to the extent of $37,634, and because the Debtor is allowed to avoid the lien "to the extent of any impairment," Howard's lien is avoided in the amount of $37,634. *See* 11 U.S.C. § 522(f)(1)(A); *Silveira*, 141 F.3d at 37. The balance of Howard's lien ($60,000) is not subject to avoidance and remains intact. *Id.*

Enter judgment consistent with this opinion.