**In re Burton F. HOMONOFF, Debtor.**

No. 00–10335.

United States Bankruptcy Court,
D. Rhode Island.

April 17, 2001.

Peter G. Berman, Raskin & Berman, Providence, RI, for debtor.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, RI, Chapter 7 trustee.

Joseph M. DiOrio, Christopher J. McCarthy, McGovern Noel & Benik, Providence, RI, for Citizens Bank.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are: (1) Citizens Bank's Objection to the Debtor's exemptions; (2) the Debtor's Motion to Avoid Citizens' Judicial Lien in the amount of $206,976; and (3) the Chapter 7 Trustee's Objection to the Debtor's claimed exemption in household goods and furnishings in the amount of $7,500. For the reasons set forth below, Citizens' objection to the Debtor's claimed exemption in real estate is overruled, the Debtor's Motion to avoid Citizen's lien is granted, and the Trustee's objection to exemptions in household goods and furnishings is sustained.

## BACKGROUND

On February 3, 2000, Burton Homonoff filed a voluntary petition under Chapter 7, and elected the exemptions available under state law. On April 5, 2000, I granted Homonoff's Motion to Amend Schedule C, wherein he claimed a $25,000 exemption in his homestead, owned as tenants by the entirety and valued at $600,000. On June 29, 2000, I granted Homonoff's second Motion to Amend Schedule C, wherein he claims *inter alia* a $7,500 exemption in

household goods and furnishings owned as tenancy by the entirety, under R.I.Gen. Laws § 9–26–4(3) and (4). Citizens has objected to the Debtor's claimed homestead exemption. The Debtor, assuming the validity of the homestead exemption, also seeks to avoid Citizens' judicial lien on his home. Andrew Richardson, Esq., the Chapter 7 Trustee, objects to the Debtor's claimed exemption in household goods and furnishings. I will deal with these issues seriatim.

## DISCUSSION

*The Homestead Exemption and Citizen's Judicial Lien*

The Debtor owns the property at 91 Grotto Avenue, Providence, Rhode Island, as tenants by the entirety with his wife. The parties agree for the purpose of this litigation that the value of the property is $600,000, and is subject to consensual mortgages totaling $538,000. On May 28, 1998, Citizens recorded an attachment against the property in the amount of $206,976. The Debtor argues that the equity in his home is exempt under R.I.Gen. Laws § 9–26–4.1, the Rhode Island Homestead Act (hereinafter "Act"), which provides:

> In addition to the property exempt from attachment as set forth in § 9–26–4, an estate of homestead to the extent of one hundred thousand dollars ($100,000) in the land and buildings may be acquired pursuant to this section by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise, and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of attachment, levy on execution and sale for payment of debts or legacies except in the following cases:

> (1) sale for taxes, sewer liens, water liens, lighting district assessments and fire district assessments;

> (2) for a debt contracted prior to the acquisition of said estate of homestead;

> (3) for a debt contracted for the purchase of said home;

> . . .

> (7) For a debt heretofore or hereafter owing to a federally insured deposit taking institution or a person regulated or licensed under title 19.

> For the purposes of this section, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his or her family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this section, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner. The provisions of this section shall not apply to any debt owing to a financial institution.

R.I.Gen.Laws § 9–26–4.1.

Citizens raised the following arguments in its Objection to exemption and opposition to the avoidance of its judicial lien: (1) that the Debtor is not entitled to the protection of 9–26–4.1 because the Act specifically excepts debts owing to a federally insured deposit taking institution, like Citizens; and (2) that the Act became effective on January 1, 1999, seven months after Citizens' attachment, and should not be given retroactive effect. Citizens argues that to apply the Act retroactively will result in a "taking" of Citizens' property, in violation of its Fifth Amendment rights.

■ This Court has recently addressed most of Citizens' objections in *In re Strandberg*, 253 B.R. 584 (Bankr.D.R.I. 2000), which is directly on point here. In *Strandberg* we stated:

> [I]t does not matter that the Rhode Island Homestead Act was enacted after Howard's lien attached, since federal law allows the Debtor to exempt property from the estate that is exempt under any state, federal or local law in effect on the date of filing the petition. Section 522(b) states: "... an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection." 11 U.S.C. § 522(b). Paragraph 2 of subsection (b) defines exempt property as "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of filing of the petition...." 11 U.S.C. § 522(b)(2)(A). Clearly, the Rhode Island Homestead Act was applicable on the date the instant petition ... was filed, and therefore the exemption is allowable.
>
> In complaining (understandably) about the Rhode Island Homestead Act's retroactive application in bankruptcy, Howard focuses on the state statute, rather than on federal bankruptcy law which defines the availability of exemptions in bankruptcy. Howard's arguments to the contrary notwithstanding, the Code controls. *See* 11 U.S.C. § 522(b)(2)(A).

*Strandberg*, 253 B.R. at 586–87.

■ Here, as in *Strandberg*, the Rhode Island Homestead Act was applicable on the date Homonoff filed his bankruptcy petition, rendering the exemption allowable. Here also, it is the Bankruptcy Code that defines the availability of Homonoff's exemptions in bankruptcy, not the Rhode Island Homestead Act. In looking only to the Act in its *taking* argument, Citizens' follows the same path as the creditor in *Strandberg*, where it was noted that:

> Both the First Circuit Court of Appeals in *Weinstein* and the Bankruptcy Appellate Panel for the First Circuit in *In re Leicht*, 222 B.R. 670 (1st Cir. BAP 1998), have addressed and rejected this argument. The BAP reasoned that if the judicial lienholder acquired its lien after the enactment of Bankruptcy Code Section 522(f) in 1978, then "[t]he lien was born subject to ... [the Debtor's] right to avoid it pursuant to § 522(f)(1)." *Id.* at 683. In other words, it is Bankruptcy Code Section 522(f) and not the state exemption statute that affects the lien creditors' rights. Therefore, if a judicial lien comes into being after the enactment of Section 522(f), the debtor's avoidance of the lien in bankruptcy does not constitute a "taking" of the judicial lienholder's rights. *Id.* at 683–84.

*Strandberg*, 253 B.R. at 588. Again, because it is federal bankruptcy law, specifically Section 522(f), that makes Citizens' lien avoidable, there is no taking because Citizens' lien came into being long after the enactment of Section 522(f).

The remainder of Citizens' arguments are specifically addressed and rejected in *Strandberg*, and *In re Ashley*, 2000 WL 1560203 (Bankr.D.R.I. Sept.7, 2000) (relying on *Strandberg* and holding that: "Because a debt owing to a federally insured deposit taking institution is not one of the Section 522(c) exceptions, the Debtors' exemption is unaffected and must be allowed as claimed"). Here, for the same reason, Citizens' Objection to the Debtor's exemption is OVERRULED.

■ Applying the lien avoidance formu-

la of Section 522(f)[1] to the instant case, the sum of the targeted judicial lien ($206,-976), plus all other liens ($538,000), and the Debtor's exemption ($100,000), exceeds the value of the Debtor's interest in the property, valued at 100%[2] ($600,000) by $244,976. *See* 11 U.S.C. § 522(f)(2)(A); *East Cambridge Sav. Bank v. Silveira (In re Silveira)*, 141 F.3d 34 (1st Cir.1998). Accordingly, Citizens' judicial lien is avoided in its entirety.

*Exemption in Household Goods and Furnishings*

■ As for this type of personalty the parties agree to the following facts: The Debtor and his non-debtor spouse were married in 1985. For the first two or three years of their marriage, the Debtor and his wife received gifts of household furniture from the Debtor's parents who owned and operated a retail furniture business. The fair market value of the gifted furniture is $15,000.

The Debtor argues that he and his wife acquired the property as tenants by the entirety, rendering the furniture exempt from liquidation under Rhode Island Law, citing to *In re Furkes*, 65 B.R. 232 (D.R.I. 1986), where the District Court ruled, with respect to real property, that there exists a contingent future expectancy interest that is subject to attachment (but not levy) by creditors, and that said interest may be sold by the attaching creditor, "if anyone can be persuaded to purchase it." 65 B.R. at 236. The Debtor urges us to rule that personal property also may be owned as tenants by the entirety in Rhode Island, and that we acknowledge a common law presumption that when household goods and furnishings are held in joint possession of a husband and wife, the property is prima facie owned by the entirety and is therefore exempt from levy and sale by a bankruptcy trustee.

For the reasons argued by the Trustee, as expressed in *Van Ausdall v. Van Ausdall*, 48 R.I. 106, 135 A. 850 (1927), the Homonoff personalty is not held as tenants by the entirety. The *Van Ausdall* Court analyzed the history of tenancy by the entirety and acknowledged that there used to be a common law presumption in favor of finding a tenancy by the entirety with respect to a conveyance to a husband and wife, *id.* at 850–51, but held, however, that the "married women's acts" eliminated the presumption in Rhode Island, *id.* at 851–52, stating:

A result based upon sound principles and in accordance with the modern spirit is reached by holding that the presumption in construing a deed to husband and wife as "joint tenants" is that they take by moieties as if sole and unmarried. If the ancient tenure by entirety with its peculiar incidents is

---

**1.** The statute states in relevant part:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien

. . .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f).

**2.** *See Strandberg*, 253 B.R. at 588–89 (finding that a debtor's interest in property owned as tenants by the entirety is valued at 100%).

sought to be created, it should be done by clear and unmistakable language, and should not depend upon the aid of a presumption based on an outworn legal fiction.

*Id.* at 852; *see also Bloomfield v. Brown,* 67 R.I. 452, 25 A.2d 354, 359 (1942) ("The possibility of creating an estate by entirety has not been removed by the married women's act, provided that the intention to create such an estate clearly appears in the conveyance").  As there is no evidence that the Homonoffs intended to hold the property as tenants by the entirety, and because the Debtor's argument rests upon a presumption that no longer exists in Rhode Island law, his claim of exemption in household goods and furnishings is DE-NIED.

Enter judgment consistent with this opinion.